UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WARREN FRANK,

Plaintiff,

v.

J. AGUILERA, et al.,

Defendants.

Case No. 25-cv-10441-TLT

**ORDER OF SERVICE; STAYING ACTION; AND REFERRING FOR SETTLEMENT PROCEEDINGS**

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 about an incident involving correctional staff at Salinas Valley State Prison (SVSP). For the reasons stated below, the complaint is ordered served on defendants. Plaintiff has been granted leave to proceed *in forma pauperis* by separate order. The case will be stayed and referred for settlement proceedings.

**DISCUSSION**

1. **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the

statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. Legal Claims

Plaintiff alleges the following: on June 3, 2025, he was seeking information about how to get the electricity fixed in his cell to be able to use his breathing machine when defendant Aguilera told him to go back to his housing unit. Aguilera radioed "Code 1 disruptive inmate, Alpha patio," and plaintiff removed himself from his wheelchair and lay prone on the ground. Aguilera secured his hands in handcuffs behind his back. Defendants Toledo and Mancillas arrived, and Aguilera told them to put plaintiff back in his wheelchair. Plaintiff started experiencing a lack of air and coughing and choking. He heard Aguilera tell the others to "slam him," and then Toledo and Mancillas lifted him out of the chair and slammed his face on the ground. Plaintiff was transported to the Correctional Treatment Center by emergency medical vehicle, and he required sutures in his lip. Plaintiff seeks damages. He also seeks injunctive relief against the defendants, which is moot because he is no longer housed at SVSP.

Liberally construed, plaintiff has stated a claim under section 1983 against defendants

United States District Court
Northern District of California

2

Aguilera, Toledo, and Mancillas for using excessive force in violation of his Eighth Amendment rights. See *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

### 3. Pro Se Prisoner Mediation Program

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The Court finds that this action should be referred to Magistrate Judge Illman for settlement proceedings. Accordingly, the Court hereby REFERS this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program.  Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit.  Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the Court a report thereon.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following defendant(s) shall be served:

    a. Sergeant Aguilera at SVSP

    b. Correctional Officer J. Toledo at SVSP

    c. Correctional Officer N. Mancillas at SVSP

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk shall serve by mail a copy of this order on plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s)

United States District Court
Northern District of California

listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide the USMS with a copy of the CDCR Report of E-Service Waiver.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within twenty-one (21) days after being served with the summons and complaint.

3.      This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

4

and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

6. In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the aforementioned named defendants against whom plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby STAYED.

**IT IS SO ORDERED.**

Dated: May 22, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

5